UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X

In re request for leave to file
by HERMAN CARLEE McMILLIAN

★ SEP 19 2005 ★

BROOKLYN OFFICE

**ORDER**
05-MC-197 (JG)

----------------------------------X

JOHN GLEESON, United States District Judge:

By order dated May 20, 2005, I prohibited plaintiff from filing any future *in forma pauperis* complaints in this Court without first obtaining leave. McMillian v. Johnson, et al., No. 05-CV-1562, slip op. at 2 (E.D.N.Y. May 20, 2005). On July 15, 2005, plaintiff filed a motion for leave to file two complaints. Plaintiff claims that his request to file the two actions "must be granted without prepayment of fees" and asks that this Court "appoint[] a member of the New York State Bar to represent" him. Mot. at 1. Plaintiff's request for leave to file two new actions is hereby denied.

In the first proposed action, plaintiff raises similar claims and names the same defendants as named in a prior action, McMillian v. City of New York, et al., No. 04-CV-5079 (JG), which I dismissed on December 7, 2004. In the second proposed action, plaintiff complains of conduct at Elmira Correctional Facility. Plaintiff has been advised that any action based on treatment at Elmira Correctional Facility must be brought in the Western District of New York. McMillian v. State of New York, et al., No. 05-CV-1561 (JG), slip op. at 2-3 (E.D.N.Y. Apr. 15, 2005) (citing six other cases filed by plaintiff which were transferred to the Western District). Plaintiff requests $770 trillion in damages in each of the two proposed actions.

Plaintiff's submissions demonstrate that neither his lack of success in prior filings nor the

warning of this Court will deter him from filing frivolous and repetitive lawsuits. See Malley v. New York City Board of Education, 112 F.3d 69 (2d Cir. 1997) ("Malley has amply demonstrated that neither the lack of success of his actions nor the warnings of the district court will cause him to cease his abuse of the judicial process.") (citing In re Martin-Trigona, 737 F.2d 1254, 1261 (2d Cir. 1984) (injunction is appropriate where plaintiff "abuse[s] the process of the Courts to harass and annoy other with meritless, frivolous, vexatious or repetitive ... proceedings") (internal quotation and citation marks omitted)).

Accordingly, plaintiff's request for leave to file the instant complaints is denied. The Court's May 20, 2005 bar order remains in effect. In addition, the Western District has barred plaintiff from filing any future *in forma pauperis* complaints pursuant to the Prison Litigation Reform Act's "three strikes" provision, 28 U.S.C. § 1915(g). See McMillian v. State Dep't of Corr., et al., No. 04-CV-6606 (CJS) (dismissed Feb. 8, 2005); McMillian v. State of New York, et al., No. 04-CV-6407 (CJS) (dismissed Nov. 15, 2004); McMillian v. State of New York, et al., No. 04-CV-6405 (CJS) (dismissed Nov. 9, 2004). Plaintiff cannot circumvent the "three strikes" bar by filing his actions in this Court. Therefore, unless plaintiff's leave request demonstrates that he "is under imminent danger of serious physical injury," any *in forma pauperis* complaint filed by plaintiff in this district shall be barred by the "three strikes" provision. See 28 U.S.C. § 1915(g); Tafari v. McGinnis, No. 02 Civ. 1733 (HB), 2003 WL 21180398 (S.D.N.Y. May 19, 2003); Newman v. Holder, 101 F. Supp. 2d 103, 107-08 (E.D.N.Y. 2000). See also Welch v. Galie, 207 F.3d 130, 132 (2d Cir. 2000) (holding that the "three strikes" provision applies retroactively and that a lawsuit dismissed prior to enactment of the provision may nevertheless be counted). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be

taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.
Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

s/John Gleeson<br>_____<br>JOHN GLEESON, U.S.D.J.

Dated: Brooklyn, New York
9-1-05